Filed 12/4/25  CEMEX v. State Water Resources Control Board CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CEMEX, INC.,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>STATE WATER RESOURCES CONTROL BOARD,<br><br>      Defendant and Respondent. | B339579, B340779<br><br>(Los Angeles County Super. Ct. No. 23STCP03578) |

APPEALS from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge. Affirmed.

Jeffer Mangels Butler & Mitchell, Kerry Shapiro and Matthew D. Hinks for Plaintiff and Appellant.

Rob Bonta, Attorney General, Evan Eickmeyer, Acting Assistant Attorney General, Eric M. Katz and Benjamin Lempert, Deputy Attorneys General, for Defendant and Respondent.

_____

CEMEX, Inc., formerly known as Southdown, Inc., appeals the trial court's judgment dismissing its petition for a writ of mandate against the State Water Resources Control Board (Board). We affirm.

## FACTUAL BACKGROUND[1]

### I. The Soledad Canyon Project

CEMEX produces construction and building materials. In 1990, CEMEX entered into two contracts with the United States to develop a sand and gravel mine in the unincorporated Soledad Canyon area of Los Angeles County (the Project). Since then, the Project has been reviewed by various government entities and has been the subject of litigation in California and federal courts. In August 2015, the federal government rescinded CEMEX's mining material contracts. CEMEX filed suit in May 2019, and in 2022, the United States District Court for the District of Columbia vacated that rescission.

### II. CEMEX Applies for a Permit to Appropriate Water

In connection with the Project, CEMEX filed an application (No. A029967) in June 1991, for a permit to appropriate water from the Santa Clara River for mining and industrial uses. The Board deemed the application complete and issued a public notice in May 1993. That triggered the public protest period required by the Water Code, and 10 protests were filed with the Board. (See Wat. Code, §§ 1302–1303.) The City of Santa Clarita (City) did not file a protest.

---

[1]     In reciting this summary, we assume the truth of the facts alleged in CEMEX's petition. (See *Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.)

CEMEX's permit application remained pending while litigation regarding the broader Project proceeded. During that time, six of the 10 protests were resolved; four remain pending.

In August 2004, the City requested the Board re-notice CEMEX's application. The Board decided not to do so. In June 2016, the City requested the Board cancel CEMEX's application or reopen the protest period in light of the federal government's rescission of CEMEX's mining contracts. The Board refused to do so.

In November 2019, the Board informed CEMEX it would pause staff processing of the application until the litigation regarding the Project contracts were resolved.

## III. The Board's Decision to Re-notice the Application

After the federal district court vacated the rescission of CEMEX's contracts in connection with the broader Project, the Board informed CEMEX on June 1, 2023, it was resuming staff processing of the permit application. It also told CEMEX the Board's executive director had "determined the application will be re-noticed." The letter explained the application had originally been noticed nearly 30 years ago, and during that time, "the circumstances of affected downstream water users or other interested persons have changed. For example, many of the entities that have filed protests against the application no longer exist due to changes in property ownership and other factors. In addition, multiple entities which did not file protests in response to the 1993 notice have contacted the Division to request that the application be re-noticed so that they have an opportunity to file a protest and participate in the proceedings related to the application. For these reasons, I have determined that the record does not reflect up-to-date circumstances and re-noticing of the

3

application is necessary. (Cal. Code Regs., tit. 23, § 684, subd. (b).)"

Later that month, CEMEX petitioned the Board to reconsider the June 1, 2023, decision to re-notice its permit application. (See Wat. Code, § 1122; Cal. Code Regs., tit. 23, § 768.) It argued re-noticing was unwarranted because "(1) there have been no changes in CEMEX's Application or project, and (2) there are no changes, related to this Application, in the circumstances of any affected downstream water users or other interested persons."

On August 30, 2023, the Board dismissed CEMEX's petition for reconsideration. It determined the June 1, 2023, letter "[did] not constitute a final water right decision or order" and thus was "not subject to reconsideration." The Board noted "CEMEX's application is still being processed, and the Board has not reached a final decision or adopted an order on application A029967." Thus, the Board concluded the petition for reconsideration was premature.

## PROCEDURAL HISTORY

CEMEX filed a petition for a writ of mandate in the trial court on September 29, 2023. Its first cause of action sought a writ to overturn the Board's June 1, 2023, decision to re-notice its application. Its second cause of action sought a writ to overturn the Board's August 30, 2023, dismissal of its petition for reconsideration. Both causes of action were styled as arising under Code of Civil Procedure section 1094.5[2] "and/or" section 1085. CEMEX also alleged it had exhausted

---

[2]     Undesignated statutory references are to the Code of Civil Procedure.

4

administrative remedies by filing a petition for reconsideration with the Board, and that "[n]o further administrative remedies exist."

The Board demurred to the petition on several grounds, including that review was not available under section 1085, the re-noticing decision was not a final decision ripe for review, and the Board had no obligation to entertain the petition for reconsideration.

The trial court sustained the demurrer without leave to amend. It first concluded the Water Code required CEMEX to seek a writ under section 1094.5, not section 1085. Next, the trial court determined CEMEX could not obtain a writ under section 1094.5 because that was available "only for 'final administrative order[s] or decision[s],' " and the re-noticing decision was not sufficiently final. The trial court reviewed the requirement of exhaustion of administrative remedies, and concluded CEMEX had not shown it was entitled to any exception to that doctrine. Finally, the trial court concluded "there is no meaningful distinction between this interim procedural decision and others made by [the] Board," and CEMEX had to wait "until there has been a 'final action' by the Board on the application." It therefore determined the Board properly denied CEMEX's petition for reconsideration, and it sustained the demurrer without leave to amend.

An order dismissing the action with prejudice was entered on May 9, 2024. CEMEX filed a notice of appeal from that order on July 3, 2024 (No. B339579). Judgment was entered on July 5, 2024. CEMEX filed a notice of appeal from the judgment on August 22, 2024 (No. B340779). The appeals are timely. (See Cal. Rules of Court, rule 8.104(a)(1)(A), (d).)

5

On December 2, 2024, we granted the parties' joint motion to consolidate those appeals. On October 22, 2025, we invited the parties to present their views regarding the application of the doctrine of exhaustion of administrative remedies. (See Gov. Code, § 68081.) Both parties did so.

## DISCUSSION

We review de novo the trial court's order dismissing a petition for writ of mandate without leave to amend. (*Committee for Sound Water & Land Development v. City of Seaside* (2022) 79 Cal.App.5th 389, 399.) " '[W]e may affirm on any ground supported by the record.' " (*Beverage v. Apple, Inc.* (2024) 101 Cal.App.5th 736, 747.)

" 'A traditional writ of mandate under . . . section 1085 is a method for compelling a public entity to perform a legal and usually ministerial duty.' [Citation.] By contrast, 'the purpose of an administrative mandamus proceeding, under . . . section 1094.5, is to review the final adjudicative action of an administrative body.' " (*Westsiders Opposed to Overdevelopment v. City of Los Angeles* (2018) 27 Cal.App.5th 1079, 1085.)

The trial court correctly dismissed CEMEX's section 1094.5 petition on the ground the Board's proceeding on CEMEX's permit application is ongoing and no final order or decision has been rendered. Likewise, dismissal of the section 1085 petition was appropriate because the Board's proceeding on the permit application is ongoing, and CEMEX has not exhausted administrative remedies.

## I. The Petition Arising Under Section 1094.5 Was Properly Dismissed

CEMEX does not dispute that section 1094.5 requires a final decision by the Board. Rather, it argues the decisions it

challenges—the letter informing it the application would be re-noticed and the Board's refusal to reconsider that decision—are final. We disagree.

## A. It Is Undisputed the Board's Proceeding on CEMEX's Permit Application Is Ongoing

The Board's decision to re-notice CEMEX's application for a permit to appropriate water did not arise sua sponte; instead, it arose in the context of the Board's processing of CEMEX's permit application. (See Cal. Code Regs., tit. 23, § 684, subd. (b).) Our Legislature tasked the Board with "consider[ing] and act[ing] upon all applications for permits to appropriate water" (Wat. Code, § 1250) and enacted a detailed statutory scheme governing those applications (see, e.g., Wat. Code, §§ 1200–1415). To fulfill its statutorily prescribed duties, the Board has duly adopted extensive regulations further delineating its consideration and processing of applications. (See, e.g., Cal. Code Regs., tit. 23, §§ 678–679, 681, 683–684, 751, 768, 770.)

The Water Code and the accompanying regulations "contain[] a complete administrative procedure" governing CEMEX's permit application, a procedure currently ongoing. (*Abelleira v. District Court of Appeal, Third Dist.* (1941) 17 Cal.2d 280, 291 (*Abelleira*) [discussing doctrine of exhaustion of administrative remedies].) It is undisputed the Board continues to process CEMEX's permit application No. A029967.

## B. The Board Has Not Rendered a Final Decision or Order

Because CEMEX's permit application remains pending before the Board, no final decision has been reached in the proceeding. " 'Until a public agency makes a final decision, the matter is not ripe for judicial review.' " (*AIDS Healthcare*

*Foundation v. State Dept. of Health Care Services* (2015) 241 Cal.App.4th 1327, 1338 (*AIDS Healthcare*).) " ' "A decision attains the requisite administrative finality when the agency has exhausted its jurisdiction and possesses 'no further power to reconsider or rehear the claim.' " ' " (*Id.* at pp. 1337–1338; *California Water Impact Network v. Newhall County Water Dist.* (2008) 161 Cal.App.4th 1464, 1485 (*California Water*) [same].)

The Board is still considering CEMEX's permit application, and CEMEX does not contend the Board has exhausted its jurisdiction over that application. Rather, CEMEX argues the re-noticing decision and the order refusing to reconsider it are sufficiently final for purposes of section 1094.5. We disagree.

First, CEMEX argues we must accept as true the petition's allegation " '[t]he Board's Decision to Re-Notice is a final decision.' " Not so. Upon review of a demurrer, "courts must assume the truth of the . . . properly pleaded or implied factual allegations." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) But " 'we do not assume the truth of "contentions, deductions, or conclusions of law." ' " (*Beverage v. Apple, Inc.*, *supra*, 101 Cal.App.5th at p. 746.) CEMEX's argument the re-noticing decision is final is a contention we are not required to adopt.[3]

Second, CEMEX argues the re-noticing decision is the final action by the Board with regard to re-noticing specifically, and thus, it need not await a final decision on its broader application. CEMEX cites no authority for that position, and we are not persuaded. That the June 1, 2023, letter (or the Aug. 30, 2023,

---

[3] For the same reason, we do not adopt CEMEX's allegation the Board's refusal to reconsider the re-noticing decision was final.

8

letter refusing to reconsider) may be the final decision of the Board with regard to the re-noticing issue does not mean that decision is imbued with the requisite finality for purposes of judicial intervention by means of mandamus. (See *California Water*, *supra*, 161 Cal.App.4th at p. 1487 [approval of water supply assessment was not final decision because lead agency still had to evaluate it and make findings].) As we explained above, the Board plainly retains jurisdiction over CEMEX's permit application. (See *AIDS Healthcare*, *supra*, 241 Cal.App.4th at pp. 1337–1338.) The Board's decision to re-notice the permit application is simply one interlocutory step in the Board's statutory and regulatory process to evaluate CEMEX's application for a permit to appropriate water from the Santa Clara River. Mandamus review is not available for an interlocutory step in that process. (See *California Water*, at p. 1489 ["The [water supply assessment] is but an interlocutory and preliminary step . . . , and . . . interim decisions are not subject to mandamus review."].)

In essence, CEMEX is asking us "to interfere in the middle" of an administrative proceeding before it becomes final. (*Abelleira*, *supra*, 17 Cal.2d at p. 305.) That "challenges judicial practices of long standing." (*Id.* at p. 306.) The trial court properly refused to intervene prematurely, before a final decision had been rendered. It correctly dismissed CEMEX's petition arising under section 1094.5.

### C. CEMEX's Policy Arguments Are Not Persuasive

In its opening brief, CEMEX argues "[p]recluding *any* judicial challenges to Board actions before a final action on an application" would be unwise as a matter of policy. But regardless of CEMEX's policy preferences, it is undisputed the

9

Legislature made section 1094.5 applicable to "final administrative order[s] or decision[s]." (§ 1094.5, subd. (a).) We will not second guess the Legislature's wisdom in that regard. (See *Los Angeles County Metropolitan Transportation Authority v. Alameda Produce Market, LLC* (2011) 52 Cal.4th 1100, 1113–1114 [we do "not . . . ' "sit in judgment of the Legislature's wisdom in balancing . . . competing public policies" ' "]; see also *Plantier v. Ramona Municipal Water Dist.* (2019) 7 Cal.5th 372, 383 (*Plantier*) ["creating an agency with particular expertise . . . would be frustrated if a litigant could bypass the agency in the hope of seeking a different decision in court"].)[4]

## II.    The Petition Arising Under Section 1085 Was Properly Dismissed

The trial court also dismissed CEMEX's petition arising under Code of Civil Procedure section 1085 on the ground the Legislature intended Code of Civil Procedure section 1094.5 to "govern judicial review of all cases relating to state water." (*Phelps v. State Water Resources Control Board* (2007) 157 Cal.App.4th 89, 105; see also Wat. Code, § 1126, subd. (c).) CEMEX and the Board dispute whether a section 1085 writ petition is cognizable in a Water Code proceeding, and whether this petition fails on its merits. We need not resolve those disputes because even assuming Board action can be challenged

---

[4]    In its opening brief, CEMEX raised (without citation) various policy arguments that seem related to exceptions to the doctrine of exhaustion of administrative remedies. As we explain in Discussion, part II.B., *post*, we are not persuaded any of those exceptions apply.

via a section 1085 petition, CEMEX's fails for essentially the same reason as does its section 1094.5 petition.[5]

## A. The Doctrine of Exhaustion of Administrative Remedies Applies to Section 1085 Writ Petitions

CEMEX argues it may bring a section 1085 petition, notwithstanding the lack of a final order, because section 1085 is not limited to final orders. (Compare § 1085 with § 1094.5, subd. (a).) That argument fails to account for the doctrine of exhaustion of administrative remedies.

" '[E]xhaustion of . . . administrative remedies' . . . refers to the requirement that administrative remedies be pursued as a jurisdictional prerequisite to seeking judicial relief from an administrative action." (*California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1148, second ellipsis added.) It "is a closely related concept to finality." (*California Water*, *supra*, 161 Cal.App.4th at p. 1489.) Moreover, the doctrine applies to petitions for writs of mandate arising under both sections 1085 and 1094.5. (See *FlightSafety Internat., Inc. v. Los Angeles County Assessment Appeals Board* (2023) 96 Cal.App.5th 712, 718; see also *Lopez v. Civil Service Com.* (1991) 232 Cal.App.3d 307, 314–315 ["The exhaustion doctrine applies generally whenever judicial relief is sought where a remedy is available at the administrative level."].) When CEMEX responded to our request for its views on the application of the doctrine here, it acknowledged "the exhaustion doctrine is always potentially applicable when challenging agency action."

---

[5] CEMEX's briefing focuses on its first cause of action, but the ongoing administrative proceedings and lack of a final order are fatal to its second cause of action for the same reasons.

Exhaustion requires "the administrative agency [to] initially decide the 'entire controversy' " before it. (*Jonathan Neil & Assoc., Inc. v. Jones* (2004) 33 Cal.4th 917, 933 (*Jonathan Neil*); see *Plantier*, *supra*, 7 Cal.5th at p. 383 [courts should generally not "intervene before an agency has fully resolved the matter"].) It thus requires a party to "proceed through the full administrative process 'to a final decision on the merits,' " and those "[a]dministrative proceedings should be completed before the issuance of a judicial writ." (*California Water*, *supra*, 161 Cal.App.4th at p. 1489.) " 'The . . . doctrine is principally grounded on concerns favoring administrative autonomy (i.e., courts should not interfere with an agency determination until the agency has reached a final decision) and judicial efficiency (i.e., overworked courts should decline to intervene in an administrative dispute unless absolutely necessary).' " (*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Board* (2005) 35 Cal.4th 1072, 1080 (*Coachella Valley*).)

As we have already explained in Discussion, parts I.A.–B., *ante*, it is undisputed the Board retains jurisdiction over CEMEX's permit application, which remains pending before it. Plainly, the Board has not yet resolved or decided that " 'entire controversy.' " (*Jonathan Neil*, *supra*, 33 Cal.4th at p. 933.) " '[T]he administrative process has [not yet] run its course.' " (*California Water*, *supra*, 161 Cal.App.4th at p. 1489.) Thus, CEMEX has not exhausted its administrative remedies before the Board. We decline CEMEX's invitation "to interfere in the middle" of that ongoing administrative proceeding. (*Abelleira*, *supra*, 17 Cal.2d at p. 305.)

12

## B.    No Exception Applies

In its response to our Government Code section 68081 letter, CEMEX argued three exceptions to the exhaustion doctrine should apply here: "the administrative remedy is 'inadequate' or 'unavailable,' or . . . it would be 'futile' to pursue it."[6] We disagree any exception applies.

First, CEMEX argues it has no available remedy because "the Board will never reconsider an interim, procedural decision." But that only underscores that CEMEX's real disagreement is with the doctrine of administrative exhaustion itself. That is, CEMEX argues in favor of having a court hear its challenge immediately, without waiting for the Board's administrative proceeding to run its course. Were we to hold administrative remedies unavailable merely because a party must submit to the administrative procedures prescribed by statute and regulation, the unavailability exception would swallow the exhaustion doctrine entirely. (See *Abelleira*, *supra*, 17 Cal.2d at p. 293 ["the rule will disappear unless this court is prepared to enforce it"]; *California Water*, *supra*, 161 Cal.App.4th at p. 1489 ["Each step in the administrative proceeding cannot be reviewed separately, any more than each ruling in the trial of a civil action may be separately reviewed by a separate appeal."].) CEMEX cites no

---

[6]    In its opening and reply briefs, CEMEX speculated that requiring a final administrative order could allow the Board to refuse to consider a timely filed protest. But one of the recognized exceptions to exhaustion of administrative remedies is a " 'situation[] where the agency indulges in unreasonable delay.' " (*Public Employment Relations Bd. v. Superior Court* (1993) 13 Cal.App.4th 1816, 1827.) CEMEX does not argue (and this record does not suggest) the Board has engaged in unreasonable delay.

13

authority holding administrative remedies are unavailable merely because a party prefers not to pursue them. (Cf. *Automotive Management Group, Inc. v. New Motor Vehicle Bd.* (1993) 20 Cal.App.4th 1002, 1015, cited by CEMEX and analyzing "the futility exception.")

Second, CEMEX argues awaiting a decision on its water application is an inadequate remedy "because the harms CEMEX seeks to avoid would already have been incurred." In its opening brief, CEMEX argued the re-noticing "will have massive consequences on the proceedings . . . that cannot be corrected by review after the Board's action on the application," such as CEMEX incurring additional costs and delays to respond to new protests. But that does not demonstrate administrative remedies are inadequate. On the contrary, administrative remedies are adequate so long as the agency has authority to hear a party's complaint, even if "the administrative procedures arguably limit the remedy the agency may award." (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 323; cf. *Unnamed Physician v. Board of Trustees of Saint Agnes Medical Center* (2001) 93 Cal.App.4th 607, 621 (*Unnamed Physician*) [administrative remedies are inadequate " 'where the challenge is to the constitutionality of the administrative agency itself or the agency's procedure' " (italics omitted)].)

CEMEX does not argue the Board will be unable to hear its complaints regarding re-noticing at a later point; rather, it argues the harms it will suffer cannot be fully remedied at that time. But a remedy is not "inadequate simply because it is not the result desired," (*AIDS Healthcare*, *supra*, 241 Cal.App.4th at p. 1351), or " 'because additional time and effort would be consumed by its being pursued through the ordinary course of the

14

law' " (*Unnamed Physician*, *supra*, 93 Cal.App.4th at p. 620). CEMEX has not shown the Board lacks authority to hear its complaints about the re-noticing decision, even if the Board may ultimately be unable to grant CEMEX all the relief it desires.

Third, CEMEX argues administrative remedies are futile for the same reason it believes they are inadequate. But futility and inadequacy are distinct. " 'The futility exception requires that the party invoking the exception "can positively state that the [agency] has declared what its ruling will be on a particular case." ' " (*Coachella Valley*, *supra*, 35 Cal.4th at pp. 1080-1081.)

To the extent CEMEX means to argue exhaustion is futile because the Board has conclusively decided to re-notice its application, we disagree. "For the futility exception to apply, it is not sufficient that a party can show what the agency's ruling would be on a particular *issue* . . . . Rather, the party must show what the agency's ruling would be ' "on a particular *case*." ' [Citation.] This follows from the exhaustion doctrine itself, which 'precludes review of an intermediate or interlocutory action of an administrative agency.' " (*Coachella Valley*, *supra*, 35 Cal.4th at p. 1081.) That is, CEMEX cannot simply show the Board has conclusively decided to re-notice its application; rather, it must show the outcome of the Board's proceedings on its permit application is a foregone conclusion. (*Ibid.* ["Had the administrative proceeding run its course, [petitioner] might have prevailed on some [other] procedural ground . . . , or it might have prevailed on the merits"].) CEMEX has not attempted to make that showing.

In its letter brief, CEMEX asks for leave to amend "to plead additional facts supporting the exceptions." Because CEMEX has not shown "what facts [it] could plead to cure the existing defects

15

in" its petition, we deny that request. (*Total Call Internat. Inc. v. Peerless Ins. Co.* (2010) 181 Cal.App.4th 161, 166.)

## DISPOSITION

The judgment is affirmed. The Board is entitled to costs. (See Cal. Rules of Court, rule 8.278(a)(1)–(2).)


RICHARDSON, J.

WE CONCUR:


LUI, P. J.


CHAVEZ, J.